■ In the Matter of KENNETH W. (ANONYMOUS), Appellant.— Appeal from an order of the Family Court, Kings County, dated June 9, 1971, which adjudged appellant a juvenile delinquent and placed him on probation for not more than two years. Order affirmed, without costs. No opinion. Latham, Gulotta and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the order and dismiss the petition, with the following memorandum, in which Munder, Acting P. J., concurs: Appellant was charged with participation in an armed robbery of petitioner. The only proof against him was petitioner's

testimony that three youths held him up in the lobby of his mother's apartment house; that one of them (not appellant) held a pistol while appellant, standing at his left, took a wallet containing $8 from his pocket; that a half hour later he went into the street to look for his wallet and in a nearby restaurant saw appellant wearing clothes like those on the youth who had taken his wallet; that he got a hammer, went into the restaurant and asked appellant to go outside with him; that appellant got excited, said he did not know petitioner and refused to go outside with him; and that he [petitioner] stopped a passing police car and had appellant arrested. Appellant presented a strong and persuasive alibi defense, based on testimony by his mother, father, uncle, aunt and the owner of a boxing gymnasium that at the time of this robbery appellant was in the gymnasium doing training exercises in boxing trunks. On this record, it is my opinion that appellant's guilt was not established beyond a reasonable doubt. None of the fruits of the crime were found on him when he was arrested only a half hour after the robbery and he was not in the company of either of the other youths; he showed no consciousness of guilt, as he did not try to run away when petitioner accosted him in the restaurant, but merely said he did not know petitioner, and he remained there while petitioner went outside, called the police and then returned to the restaurant; so far as this record shows, he made no admissions to the police; and, finally, petitioner's identification of him (the sole proof of guilt) appears of doubtful validity, since the youth who took the wallet from his pocket (allegedly appellant) was standing at petitioner's side, while another youth was pointing a gun at petitioner, and it is most likely that petitioner's gaze was riveted on the gun and he had at most a peripheral view of the youth who took his wallet. Weighing the tenuous proof of guilt against the strong proof of innocence, and in light of the fact that appellant is presumed innocent until proven guilty beyond a reasonable doubt, it seems clear to me that the charge against appellant was not sustained and the petition should have been dismissed.